CHARLES F. DWORAK, PLAINTIFF IN ERROR, V. GEORGE GRAVES, DEFENDANT IN ERROR.

**Landlord and Tenant:** RIGHTS OF LESSEE: ASSIGNMENT. The lessee of agricultural lands on shares for the term of one year after the crop is produced, and before the same is gathered, may assign his lease or sell his share of the crop without the consent of the lessor, unless prohibited by the terms of the lease or contract, and such assignment or sale will carry to the assignee or purchaser any option as to the terms of division, or manner of gathering the crop, that the lessee would have had under the terms of the lease.

ERROR to the district court for Antelope county.    Tried below before TIFFANY, J.

*D. A. Holmes,* for plaintiff in error.

*Thos. O'Day* and *J. H. Gurney,* for defendant in error.

COBB, CH. J.

It appears from the bill of exceptions that Messrs. Washburn, father and son, were renters or croppers of the farm of plaintiff in error. They took and cultivated certain corn ground, being part of said farm, on the following terms: I quote from the testimony of plaintiff in error when on the stand as a witness in his own behalf: " He (meaning they) was to cultivate the land in a workmanlike manner and get two-thirds of the crop, and was to put my one-third in the crib for me, or give me one-half in the field." No fault was found with the manner in which the Washburns cultivated the ground, and on the 23d day of August of the year in question—1881—they sold their share of the corn crop, describing it as two-thirds, to the defendant in error.

After this purchase of the corn crop of the Washburns by the defendant in error, he notified the plaintiff in error of his intention to gather the whole of said crop and to deliver his one-third in the crib, and offered to enter into a bond with ample security for the delivery of the one-third share of the plaintiff in error in the crib, according to the said Washburn's contract. But the plaintiff in error proceeded to gather and appropriated to his own use the one-half of the said corn crop. Suit was brought by defendant in error against the plaintiff in error in the district court for the value of the one-sixth part of the said corn crop, being the difference between the one-half and one-third.

There was a trial to a jury, a verdict and judgment for the plaintiff, and the cause is brought to this court on error.

The sole point in the case is, I think, fairly raised by the exceptions taken by plaintiff in error to the giving of the third instruction, given by the court on its own motion, and the instruction given at the request of the plaintiff, said instructions being as follows:

"3. You are instructed that Washburn had the right under his lease to sell all the interest he had under said lease including his option to the extra ⅓ by husking and delivering in defendant's crib, his ⅓ of said corn, and that the plaintiff, Graves, if he bought said Washburn's interest was entitled to all the rights and options of the said Washburn by carrying out and fulfilling all the obligations of the said Washburn under his lease."

"The jury are instructed that if you find from the evidence in this case that B. Washburn had a lease of the land in question as described in the petition, and that said Washburn had said land leased, was to pay the defendant, Dworak, one-third of said crop of corn in the crib, and if you find, further, that plaintiff bought Washburn's two-thirds of said corn, and if you further find from the evidence that the defendant, Dworak, entered upon said premises and picked one-half of said corn, and converted the same to his own use, then you will find for the plaintiff, and the measure of damages will be the difference between the value of one-half of said corn and one-third of the same as shown to you by the evidence."

I have given close attention to the position and argument of counsel to the effect that under a contract of lease or cropping, like that shown to have existed between the plaintiff in error and the Washburns, the lessee or cropper has no right to sell his interest in the crop without the consent of the lessor, and that an attempted sale thereof without such consent would operate to extinguish the conditional or contingent interest of the tenant or cropper. But I have come to the conclusion that the law is quite clear, that while the landlord has the right to bind the

tenant or cropper, not to sell or sublet his lease, or the crops while growing or standing on the premises without the consent of the lessor, that without such term, or stipulation, in the lease or contract, the tenant would have the right to sublet the land or sell his interest in the crop at any time; but such sale would by no means release him from the payment of rent or the obligation to keep and perform any and all covenants contained in such lease. There may be certain kinds of property, such as mills, machinery, propagating gardens, and the like, to properly manage which requires scientific and technical knowledge, a lease of which might be held to imply special confidence on the part of the lessor in the science or special knowledge of the lessee, and hence, not to imply the right to sublet, or sell out, on his part; but even in such cases the lessor might well be held to guard his interest by a proper provision in his contract.

The case of *Randall v. Chubb*, 9 N. W. R., 429, a case decided by the supreme court of Michigan, cited by counsle for plaintiff in error, holds the law seemingly contrary to the views above expressed, but does not go far enough in that direction, I think, to sustain the plaintiff in error in the case at bar. In that case the lease ran three years with the privilege of five, upon shares, the lessee was to do all the work, find all the seed, and to deliver to the lessor one-third of the crops. Says the opinion : " The farm was to be cropped in a certain specified way, and the lessee was to have the use of certain farm implements of the lessor, and was to take good care of them and repair them at his own expense during the term of the lease. This lease with his rights thereunder the lessee afterwards undertook to assign to the plaintiff in error, and under circumstances of questionable good faith, and these proceedings were instituted by the lessor to recover possession of the premises." The opinion proceeds: " The very nature and character of the lease or agreement shows that it was

Dworak v. Graves.

a personal one to the defendant, and could not be assigned by him to a third party without the consent of his lessor. The rent or share which the latter would receive must depend very much upon the character of the lessee, and the latter could not place a party in possession of the premises who might not be a good husbandman, and who might not be able to carry on the farm operations in a good, careful, and proper manner," etc. Without wishing to be understood, either as agreeing or disagreeing with the opinion of the learned court, as the facts of the case given are too meagre to enable us to understand the "certain specified way" in which the farm was to be cropped "and so to fully understand the reasoning of the case," I have quoted from it somewhat at length to show its want of applicability to the case at bar. We are not informed at what stage of the term the lessee sought to sell out, but it is presumable that one or more years had yet to run. In the case at bar all of the crop contemplated by the lease had been produced; all that remained was to harvest it. So that the amount to be received by the owner of the land depended in no degree upon the personal skill or science of the lessee. The responsibility of the defendant in error is not questioned, and had it been, he offered to give bond and security for the gathering and division of the corn, and the delivery of the one-third share to the plaintiff in error according to the terms of the lease.

I think that the law as well as justice has been fairly administered in this case, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.